IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| YVONNE DOWNS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:13-cv-0129-O |
| | § | |
| RED RIVER HOSPITAL, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Red River Hospital, LLC's Motion for Summary Judgment, filed August 4, 2014 (ECF No. 33). Having considered the motion, response, reply, record, and applicable law, and for the reasons that follow, the Court denies the motion.

**I.    BACKGROUND**

Plaintiff Yvonne Downs ("Downs") filed this lawsuit against her employer, Red River Hospital, LLC ("Red River') on October 14, 2013, alleging retaliatory discharge under Section 161.134 of the Texas Health and Safety Code. Red River is an in-patient psychiatric facility in Wichita Falls that provides behavioral health services to adolescents, adults and active military personnel, as well as substance abuse treatment programs to both in-patients and out-patients. Plaintiff Yvonne Downs began working at Red River Hospital in1997 as a Community Liaison and eventually became its Director of Business Development. In that role, Plaintiff reported directly to Red River's Chief Executive Officer, Rob Marsh ("Marsh"). Marsh terminated Plaintiff on September 30, 2013. Marsh testified at his deposition that he terminated Plaintiff because of her

toxic, negative attitude. Def SJ App. at 48. Prior to her termination, Plaintiff reported violations of law concerning possible medicare fraud to Marsh, as well as to administrative personnel at Red River.

## II.   LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

## III.   ANALYSIS

Plaintiff's sole claim is for retaliatory discharge under Texas Health and Safety Code § 161.134. Section 161.134 provides hospital employees with a statutory cause of action if their

2

employers retaliate against them for reporting a violation of the law. *Austin v. HealthTrust, Inc.*, 967 S.W.2d 400, 402 (Tex. 1998). To prove a retaliatory discharge claim, a plaintiff must show that:

> (1) she was an employee of a hospital, mental health facility, or treatment facility; (2) she reported a violation of law; (3) the report was made to a supervisor, an administrator, a state regulatory agency, or a law enforcement agency; (4) the report was made in good faith; and (5) she was suspended, terminated, disciplined, or otherwise discriminated against.

*Barron v. Cook Children's Health Care Sys.*, 218 S.W.3d 806, 810 (Tex. 2007). Red River argues that it is entitled to summary judgment since Plaintiff cannot prove the second, third, fourth or fifth elements. *See* Def. Mem. Supp. Summ. J. 8, ECF No. 34.

In response, Plaintiff argues that she has raised a genuine issue of material fact as to the elements of her claim under Texas Health and Safety Code § 161.134, and summary judgment should be denied. In support, Plaintiff has provided the Court with excerpts of her deposition testimony (Ex. 1, Pl. Resp. App. at 5-65), as well as excerpts from the deposition testimony of her supervisor, Rob Marsh (Ex. 2, Pl. Resp. App. at 67-129), Red River's Director of Risk Management, Orrilea Bolf (Ex. 3, Pl. Resp. App. at 131-59), Red River's Community Liaison, Angela Simmons (Ex. 4, Pl. Resp. App. at 161-91), as well as depositions on written questions of former Red River employee Tina Feller (Ex. 5, Pl. Resp. App. at 193-206). *See* Pl. Resp. App., ECF No. 38. Having considered this evidence, as well as evidence filed by Red River to support its motion (*see* Def. SJ App., ECF No. 34), and viewing all facts in the light most favorable to Plaintiff, the Court concludes that Plaintiff has raised a genuine dispute of material fact as to each element of her statutory claim for retaliation under § 161.134. Accordingly, Red River is not entitled to summary judgment.

**IV.   CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant Red River Hospital, LLC's Motion

for Summary Judgment. This matter is set for trial on the Court's four-week docket beginning December 1, 2014.

      **SO ORDERED** this **6th day** of **October, 2014.**

 

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**